**COLUMBUS MAINTENANCE AND SERVICE COMPANY, INC., Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 84–5328, 84–5471.**

United States Court of Appeals, Sixth Circuit.

Argued March 11, 1985.

Decided April 3, 1985.

---

**1126**

Spencer M. Youell, Mowery & Youell, James S. Mowery, Jr. (argued), Fred G. Pressley, Jr., Porter, Wright, Morris & Arthur, Columbus, Ohio, for petitioner.

Elliott Moore, John Elligers (argued), Deputy Associate General Counsel, N.L.R.B., Washington, D.C., for the N.L.R.B.

Before KENNEDY and WELLFORD, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case is before the Court upon the petition of Columbus Maintenance and Service Company, Inc. to review and set aside the decision and order of the National Labor Relations Board issued against it March 15, 1984 and reported 269 NLRB No. 37. The Board has filed a cross-application for enforcement of its order.

Reference is made to the reported decision of the Board for a recitation of pertinent facts. The Company has a collective bargaining agreement with the Service, Hospital, Nursing and Public Employees' Union, Local 47, AFL–CIO–CLC. The Board found that the Company violated Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1), by refusing to provide the Union with information needed by the Union to enforce its collective bargaining agreement, including employees' telephone numbers, employees' jobsite locations and employees' starting and quitting times. The Board ordered the Company to provide to the Union, upon request the names and addresses of current members of the bargaining unit along with their telephone numbers, hours of employment and their specific job locations.

Upon consideration of the briefs and oral arguments, and the entire record, the Court concludes that the order and decision of the Board are supported by substantial evidence on the record as a whole. *Universal Camera Corp. v. National Labor Relations Board,* 340 U.S. 474, 488–91, 71 S.Ct. 456, 464–66, 95 L.Ed. 456 (1951).

Accordingly, enforcement of the order of the Board is granted. No costs are taxed. The parties will bear their own costs in this Court.